UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-07-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRENDA EVERSOLE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Brenda Eversole and several co-defendants trafficked methamphetamine in the Eastern District of Kentucky from January 2010 until the conspiracy ended in January 2013. Based on her role in the conspiracy, Eversole was held responsible for distributing over two kilograms of methamphetamine during the relevant period.   Unfortunately, this was not Eversole's first criminal offense.

On June 14, 2013, Eversole entered a guilty plea of charge of conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. [Record No. 149]  Thereafter, the defendant was sentenced to a term of incarceration of 190 months of imprisonment.  [Record No. 232]  Eversole appealed her sentence, contending that this Court improperly calculated the amount of drugs attributed to her.  However, on March 11, 2015, the United States Court of Appeals for the Sixth Circuit affirmed this Court's Judgment with regard to Eversole and several of her co-defendants. [Record No. 337] With respect to Eversole, the Sixth Circuit concluded that this Court's drug calculations was "accurate

and the base offense level of 34 [was] appropriate. The amount of methamphetamine attributed to Eversole was not inappropriate and her sentence is procedurally reasonable." [*Id*. at p. 8]

Eversole has now returned to this Court seeking a modification of her sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. [Record No. 352] However, after reviewing Eversole's motion and the record of this proceeding, the Court concludes that a sentence reduction is not warranted.

The facts supporting Eversole's conviction and guilty plea are outlined in paragraphs 5, 6, 12, 19, 21-25, 28, 29, 31, 34, 41, and 42 of her Presentence Investigation Report ("PSR"). [Record No. 249][1]  During the summer of 2012, law enforcement began receiving complaints regarding methamphetamine trafficking in the Laurel County, Kentucky area. Specifically, Shane Begley, Debra Vaughn, and Robert Sisco, Jr., were identified as bringing large amounts of high-grade methamphetamine from Georgia to Kentucky and then distributing it here. As the investigation developed, Eversole was identified as a methamphetamine trafficker who received her supply of the drug from Begley as well as other individuals. This defendant would "front" Begley money for her share of methamphetamine and receive her portion from Begley to sell for a profit. The investigation revealed that Eversole would usually receive one-half of the amount Begley was bringing back from Georgia. Begley made approximately 35 trips to Georgia to supply Eversole with over 2 kilograms of methamphetamine for distribution.

While Eversole was a large scale distributor of methamphetamine, she did not direct the activities of others. However, co-conspirators and others informed law enforcement that, prior

---

[1]  Eversole entered a guilty plea without the benefit of a written Plea Agreement.

to her involvement in this conspiracy, Eversole was known to traffic the drug in the area. She became involved with this particular conspiracy in approximately September 2012, and her involvement ended around January 17, 2013.

On January 17, 2013, Eversole's home was searched, with quantities of methamphetamine, United States currency, and four drug ledgers were discovered. In a statement to law enforcement at the time of the search, Eversole admitted that she sold methamphetamine and that Begley was her primary source of supply. The defendant stated that she began receiving methamphetamine from Begley about every four days from September 2012 until the time of the search (approximately 35 occasions). Eversole was arrested on March 11, 2013. At the time of her arrest, Eversole was carrying a one year-old child and a small black bag containing three smaller bags of methamphetamine.

Based on the amount of drugs involved, the defendant's Base Offense Level was calculated to be 34. [*Id.*, ¶ 47] Eversole received a three-level reduction for acceptance of responsibility, resulting in a Total Offense Level of 31. Unfortunately, Eversole has a substantial number of adult convictions beginning at age 19, resulting in a total of 12 criminal history points being assessed against her (Criminal History Category V). [*Id.*, ¶¶ 58-73][2] Thus, her non-

---

[2] Eversole has state convictions for first degree criminal trespass, multiple counts of theft by unlawful taking, terroristic threatening (i.e., threatening to kill her four year-old daughter), theft by deception, third-degree possession of a controlled substance, unlawful transaction with a minor (i.e., using a 17 year-old to assist in stealing Xanax), second degree unlawful transaction with a minor (i.e., providing a minor with marijuana and LSD), tampering with physical evidence, and various traffic-related offenses.

She has numerous other arrests which did not result in convictions, including a charge of unlawful transaction with a minor for providing a 14 year-old girl acid, causing hallucinations, and a charge of endangering the welfare of a minor (i.e., leaving a three year-old unattended while she

binding guideline range for imprisonment under the 2012 edition of the United States Sentencing Guidelines was determined to be 168 to 210 months.[3]

Eversole is currently scheduled to be released from custody on December 25, 2026. *See* http://www.bop.gov/inmateloc/ (last checked November 28, 2015). Since the time of the defendant's sentencing hearing, the United States Sentencing Commission has amended the applicable guideline range and given the amendments retroactive effect. *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels. With a re-calculated total offense level of 29, Eversole's non-binding guideline range under the 2014 amendments would be 140 to 175 months of imprisonment.

The issue presented by Eversole's motion is whether a sentence reduction is warranted in light of the facts of the case and relevant sentencing factors to be considered under 18 U.S.C. § 3553(a). In addressing this issue, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, attempted cooperation, general as well as specific deterrence, and the need to protect the public from potential, future crimes of Eversole. After again evaluating these and other sentencing factors, the Court concludes that a reduced term of imprisonment would not be appropriate.

---

was sleeping. The child left the residence and was found by a neighbor dressed only in underware.) [*See* PSR, ¶¶ 78-80.]

[3] Eversole is also subject to a mandatory minimum term of imprisonment of 120 months under 21 U.S.C. § 841(b)(1)(A).

Many of the relevant statutory factors were discussed during the October 25, 2013, sentencing hearing.  [Record No. 268]  As noted, during the hearing, but for Eversole's attempted cooperation, she would have received a sentence in the range of 210 months because of the seriousness of her criminal conduct and the danger she presents as reflected by the defendant's involvement of minors in her past drug activities. [*Id.*, p. 25-26][4]  With regard to Eversole's past convictions, the Court observed:

> in this particular case, there are some very troubling convictions, not just convictions that apparently were the result of drug addiction, but involving others. The unlawful transaction [with] a minor in paragraph 65, that was not the 14 year-old, but it was a minor, and the defendant did provide the juvenile with both marijuana and LSD, and she attempted to tamper with a drug test as well in connection with the matter.  And then the involvement of the 14 year-old, I believe, was under the arrest section, but that also involved providing a 14 year-old with acid. . . .
>
> In terms of incarceration, again, I had mentioned at the start of the discussion that I believe a sentence in the middle fo the range would be appropriate.  The factors that are negative factors in 3553 not only include the seriousness of the offense, but the need to provide proper deterrence, not only for Ms. Eversole, but also others that might be inclined to engage in similar conduct, and in this particular case, to properly protect the public.

[Id., pp. 26-28.]

As the Court observed, conspiring to distribute methamphetamine is a very serious offense that merits substantial punishment.  A lower sentence based on the defendant's actions would seriously undermine proper punishment and deterrence.  Likewise, Eversole's history of

---

[4] Eversole's attempted cooperation is outlined at pages 7-10 of the sentencing transcript. This portion of the transcript is filed under seal. [Record No. 269] Although Eversole's actions did not merit a motion for a reduction under § 5K1.1 of the United States Sentencing Guidelines, the defendant's efforts did result in a reduction of the term of incarceration that otherwise would have been imposed.

drug use and abuse presents not only a danger to the public but an increased risk of recidivism when she is released.  While the Court has considered mitigating factors, such as the defendant's acceptance of responsibility, attempted cooperation, post-sentencing rehabilitative conduct, and the high cost of incarceration, those factors do not offset the many aggravating factors that Eversole presents.[5]  In short, after again reviewing the relevant factors of 18 U.S.C. § 3553(a), the Court concludes that a minimum term of 190 months of imprisonment is the minimum term which is appropriate under the circumstances.

Finally, the Court has considered Eversole's request for appointment of counsel. However, that motion also will be denied.  Appointment of counsel is not necessary in connection with the pending motion for a reduction of the defendant's sentence.  Further, this matter need not be scheduled for hearing to resolve the defendant's motion.  There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).  A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.  As such, it does not entitle [a prisoner] to appointed counsel."

---

[5]  In this regard, the Court has fully reviewed the Inmate Skills Development Plan and other information attached to Eversole's motion.  While it appears that the defendant has made progress during incarceration, this positive action does not overcome the many negative, aggravating characteristics outlined above and discussed at length during the defendant's original sentencing hearing.

*Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).  Instead, the district court has discretion to determine whether appointment of counsel is warranted.

Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.   Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant Brenda Eversole's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Record No. 352] is **DENIED**.

2.    Defendant Brenda Eversole's motion for appointment of counsel [Record No. 352] is **DENIED**.

This 30th day of November, 2015.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**